# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

WILLIAM B. JOLLEY,

    Plaintiff,

vs.

THE HONORABLE SHAUN
DONOVAN, SECRETARY,
U.S. Department of Housing & Urban
Development, in his individual and
official capacities,

    Defendant.

CV 210-097

## ORDER

Presently before the Court are three motions submitted by William B. Jolley ("Plaintiff"): (1) Motion to Alter or Amend Judgment under Rule 59 or Motion for Relief from Judgment under Rule 60, Dkt. No. 70, (2) Motion to Sanction the Department of Justice and AUSA Delora Kennebrew for Violation of Rule 11, Dkt. No. 77, and (3) Motion to Disqualify AUSA Melissa S. Mundell as Counsel for Shaun Donovan in his Capacity as an Individual, Dkt. No. 79. For the reasons stated below, all three of Plaintiff's motions are **DENIED**.

**BACKGROUND**

Plaintiff is a former employee of the U.S. Department of Housing and Urban Development ("HUD"). In 2008, Plaintiff was transferred from Jacksonville, Florida to Boise, Idaho. While in Boise, Plaintiff asked to swap duty assignments with another HUD employee in Illinois. Plaintiff gave HUD an ultimatum: HUD could grant Plaintiff's request or Plaintiff would retire. Plaintiff's supervisor responded, stating that the reassignment request would not be granted or denied until HUD completed an internal restructuring assessment. Consequently, Plaintiff resigned from HUD on March 31, 2010. Dkt. No. 1.

Plaintiff initiated this lawsuit on June 21, 2010 against HUD Secretary, Shaun Donovan ("Defendant"). Dkt. No. 1. Plaintiff essentially alleged that Defendant refused to resolve Plaintiff's transfer request in an effort to force Plaintiff to retire. Plaintiff further alleges that the Defendant "intended the Plaintiff to retire because of his age." Dkt. No. 1, at 12. Plaintiff was approximately eighty years old at the time he retired.

Plaintiff sued Defendant in his official capacity and his individual capacity, based on various theories, including violations of the the Age Discrimination in Employment Act ("ADEA"), constitutional violations, and state and federal statutory violations. Dkt. No. 1. In terms of relief,

Plaintiff asked the Court to order HUD to "cancel the retirement; assign Plaintiff to a supervisory position east of the Mississippi River; and pay back-pay, attorney's fees, and liquidated damages" and to award "compensatory damages and punitive damages in the amount of one million dollars." Dkt. No. 1, at 17. Defendant moved to dismiss Plaintiff's claims on several grounds. Dkt. No. 6.

This Court granted Defendant's motion to dismiss. Dkt. No. 68. The Court dismissed the Plaintiff's claims against the Defendant in his individual capacity because Plaintiff did not properly serve process on the Defendant as an individual. Id. at 4-8. Plaintiff's claims against the Defendant in his official capacity were dismissed for two reasons: (1) Plaintiff failed to show that he had complied with the statutory requirements under the ADEA, namely providing the EEOC with notice of his intent to sue, and (2) because Plaintiff failed to state a claim under the ADEA upon which relief could be granted. Id. at 8-13.

Plaintiff now moves the Court to reconsider its previous ruling, styling his motion as a Rule 59 motion to alter judgment, or alternatively, a Rule 60 motion for relief from judgment. Dkt. No. 70. Plaintiff's arguments are largely restatements of his arguments leading up to the Court's Order dismissing his claims. Plaintiff further moves, in two related

motions, for sanctions against Assistant United States Attorney ("AUSA") Delora Kennebrew, Defendant's previous counsel, and for disqualification of Defendant's present counsel, AUSA Melissa Mundell. Dkt. Nos. 77 and 79. These two motions challenge the propriety of the Department of Justice ("DOJ") representing the Defendant. The motions are based on the theory that Defendant was not acting on behalf of the United States when he refused to grant Plaintiff's request for transfer, and therefore Defendant was not entitled to representation by the DOJ.

**I. Motion to Amend Judgment or Motion for Relief from Judgment**

Plaintiff moves, pursuant to Rule 59, for an alteration or amendment to judgment, or alternatively, pursuant to Rule 60, for relief from judgment. Dkt. No. 70. Plaintiff treats the two Rules interchangeably, so it is up to the Court to determine the Rule under which Plaintiff's motion is properly considered. See, e.g., Brown v. Spells, 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (resolving whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b) where movant cites both provisions). When a motion for reconsideration of a judgment is filed within the time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60. See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003) (confirming the propriety

of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period). Because Plaintiff filed his motion five days after the Court issued its judgment, well within the twenty-eight day window set forth in Rule 59(b), the Court treats Plaintiff's motion as a motion to alter or amend judgment pursuant to Rule 59(e).[1]

"The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc., v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). Therefore, following the guidance in Arthur v. King, the Court will only grant Plaintiff's motion if (1) it presents newly-discovered evidence or (2) identifies manifest errors of law or fact. The Court reviews each of Plaintiff's arguments in favor of reconsideration.

---

[1] The Order was entered on March 30, 2011 and Plaintiff filed his motion on April 5, 2011. Dkt. Nos. 68 and 70.

### A. Service of Process

Plaintiff seeks reconsideration of the portion of the Court's Order that dismissed Plaintiff's claims against the Defendant in his individual capacity because Plaintiff failed to properly serve the Defendant. Dkt. No. 70, at 4-12. In its Order, this Court held that the Plaintiff was required to serve Defendant in accordance with Federal Rule of Civil Procedure 4(i)(3).[2] Dkt. No. 68, at 5. The Court found that the Plaintiff failed to comply with these requirements.

In the instant motion, Plaintiff reiterates the exact same arguments he made when challenging the Defendant's original motion to dismiss. As stated previously, a motion under Rule 59(e) will not be granted on the basis of relitigation of old matters. In rearguing the same issues, Plaintiff demonstrates a misunderstanding about the law governing the dismissal of his claims due to improper service. As explained below, Plaintiff's claims were properly dismissed.

Early in this litigation, Plaintiff showed that he sent a copy of the Complaint and Summons to the Attorney General and Defendant Shaun Donovan by certified mail, and that the mail was received. Dkt. No. 10, Exs. 1 and 2. Plaintiff asserts that he

---

[2] Plaintiff could not rely on the service requirements set out in Rule 4(i)(2), which allow service "by registered or certified mail," as the exclusive means of service. Rule 4(i)(2) applies where the officer or employee is sued *only* in an official capacity. At no point has Plaintiff argued that he sued Defendant only in an official capacity.

AO 72A
(Rev. 8/82)

sent copies of the Complaint and Summons to the United States Attorney for the Southern District of Georgia.³ These are the only instances of service in this suit: certified mail sent by the Plaintiff individually to the Defendant, the Attorney General, and the United States Attorney.

As a threshold matter, the Court recognizes Plaintiff's vehement contention that Defendant was not acting on the United States' behalf when he failed to grant Plaintiff's transfer request. Dkt. No. 70, at 4-12. The Court however, maintains its prior holding, and restates that holding as clearly as possible: Defendant's failure to grant Plaintiff's transfer request, was unquestionably "performed on the United States' behalf."⁴ Dkt. No. 68, at 5. A banal staffing decision, such as granting or denying a reassignment request, is the quintessential example of conduct "performed on the United States' behalf" where the Defendant is charged with managing the

---

³ Plaintiff was only able to provide evidence that he paid for documents to be mailed by certified mail to Savannah; Plaintiff misplaced the evidence showing that the mail was actually mailed or received. Dkt. No. 10, Ex. 3.

⁴ The Court points out that the issue has little bearing on whether service was adequate in this case. Even if, as Plaintiff claims, Defendant's conduct was not on the United States' behalf, the Plaintiff would still need to serve the Defendant individually pursuant to Rule 4(d), (e), (f), or (g). Rules 4(f), setting forth the requirements for service on an individual in a foreign country, and Rule 4(g), setting forth the requirements for service on a minor or an incompetent person are clearly inapplicable. Rule 4(d) governs the procedures for requesting waiver of service. Nothing in the record indicates that Plaintiff sent a request for waiver of service to Defendant, or that Defendant accepted such a request. Therefore, Plaintiff needed to serve Defendant in accordance with Rule 4(e). Consequently, regardless of whether Defendant's conduct was on the United States behalf - which it unquestionably was - Plaintiff must show that he satisfied the service requirements set forth in Rule 4(e).

staff of a federal agency. The fact that such an act may ultimately create liability under some other legal provision (for example, the ADEA) does not negate the fact that the conduct was performed on the United States' behalf. Consequently, because Plaintiff sued Defendant, a United States officer or employee, in his individual capacity for conduct undertaken on the United States' behalf, Plaintiff was required to serve Defendant in accordance with Federal Rule of Civil Procedure 4(i)(3).

Federal Rule of Civil Procedure 4(i)(3) requires service on the United States and service on the officer or employee under Rule 4(e).[5] Rule 4(e) provides two options for serving an individual: (1) The plaintiff can serve the defendant in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) the plaintiff can follow the personal service rules set forth in Rule 4(e)(2). There is no indication that Plaintiff followed the personal service rules set forth in Rule 4(e)(2). Thus, Plaintiff's only avenue to show that service was proper is to show that he served Defendant in accordance with the state law for service in either the state where the district court is

---

[5] Rule 4(i)(3) also allows for service on the individual officer or employee under Rule 4(f) and 4(g). As stated in footnote 4, neither 4(f) nor 4(g) are applicable in this case, so the Court treats Rule 4(i)(3) as requiring service pursuant to 4(e), the only applicable provision.

located or where service is made. Turning to Georgia law, the state where the district court is located, it is clear that sending a complaint and summons by registered or certified mail, without more, does not constitute proper service on an individual. O.C.G.A. § 9-11-4. As such, Plaintiff needed to perfect service under the laws of the District of Columbia, where the service was made. See, e.g., Miller v. United States, 2011 WL 1750442 (N.D. Fla. Mar. 29, 2011) (applying either New York or Florida service of process law under Rule 4(h), which incorporates Rule 4(e)(1)); Carr v. Mid-Atlantic Fin. Servs., Inc., 2010 WL 3368260, n.5 (N.D. Ga. July 27, 2010) (applying South Carolina service-by-mail laws to determine whether a complaint mailed from Georgia to South Carolina properly served the defendant); Carcamo v. Norgas Carriers AS, 2010 WL 2926035 (S.D. Fla. July 23, 2010) (applying either Florida or Texas service of process law under Rule 4(e)); T & K Capital, LLC v. Lilley Intern., LLC, 2010 WL 2044896 (S.D. Fla. May 24, 2010) (applying Pennsylvania law for service of process under Rule 4(e)(1)).

Plaintiff argues that he satisfied the service requirements for the District of Columbia. Dkt. No. 70, at 4. Rule 4(e) of the District of Columbia Rules of Civil Procedure (DCRCP) sets forth the requirements for serving individuals located within the United States. DCRCP 4(e) requires that an individual be

served "pursuant to District of Columbia law."[6] As such, DCRCP 4(e) incorporates DCRCP 4(c)(3) which allows plaintiffs to effectively serve individuals in the United States by "mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." See Lennon v. McClory, 3 F. Supp. 2d 1461, 1462 (D.D.C. 1998) ("Rule 4(e)(1) of the District of Columbia Rules of Civil Procedure allows for service of process by means of registered or certified mail as provided by Rule 4(c)(3) of the District of Columbia Rules of Civil Procedure."). Therefore, mailing a copy of the summons, complaint, and initial order to a defendant by registered or certified mail will, in some circumstances, constitute proper service in the District of Columbia. However, the DCRCP 4 imposes other limits on service by mail.

Where service is made by registered or certified mail, and the return receipt is not signed by the person to be served, a plaintiff must produce an affidavit proving that service was effected. DCRCP 4(l). The affidavit "shall specifically state . . . specific facts from which the Court can determine that the person who signed the receipt meets the appropriate

---

[6] Specifically, DCRCP 4(e)(1) states that service may be effected "pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of that state or territory." DCRCP 4(e)(2) allows, in the alternative, for individuals to be personally served, and sets forth the methods for personal service.

10

qualifications for receipt of process" described in other sections of DCRCP 4. DCRCP 4(l)(2). Plaintiff has not provided the Court with an affidavit describing the facts of service.

Additionally, among the qualifications for a signatory to receive process for a defendant, the DCRCP requires that the signatory be "some person of suitable age and discretion then residing" in the defendant's "dwelling house or usual place of abode." DCRCP 4(e)(2). Alternatively, a signatory can be an agent authorized to receive service on the behalf of the defendant. Id. Here, Plaintiff sent copies of the Complaint and Summons to the Defendant's place of employment and has provided no evidence that the signatories on the receipt were authorized to accept service. Dkt. No. 10, Ex. 2. As such, Plaintiff has failed to properly serve the Defendant in his individual capacity under District of Columbia law. See Hammond v. Fed. Bureau of Prisons, 740 F. Supp. 2d 105 (D.D.C. 2010) (holding that plaintiff's attempted service, consisting of sending a copy of the complaint and summons to the defendants' place of employment, was insufficient service under the DCRCP 4, and consequently granting defendants' motion to dismiss).

In sum, Plaintiff was required to serve Defendant individually under Federal Rule of Civil Procedure 4(i)(3). Federal Rule of Civil Procedure 4(i)(3) required Plaintiff to serve the Defendant in accordance with Rule 4(e), which in turn

11

permitted service in accordance with the laws of Georgia or the District of Columbia. Service was not proper under Georgia law. District of Columbia law, specifically DCRCP 4(e), requires that process be left at the home of a defendant or with an agent appointed to receive service. Because Plaintiff failed to comply with DCRCP 4(e), service on the Defendant was improper, and the Court correctly dismissed Plaintiff's claims against the Defendant in his individual capacity.[7]

### B. Notice to the EEOC

Plaintiff argues that the Court was wrong in dismissing his claims against the Defendant in his official capacity for failing to satisfy the ADEA's statutory requirements. Dkt. No. 70, at 2. Specifically, Plaintiff refers to the portion of the Court's order that held that Plaintiff failed to show that he notified the EEOC of his intent to sue Defendant for age discrimination. Dkt. No. 68, at 8-11. In reaching its conclusion, this Court relied on the Plaintiff's Complaint and

---

[7] Although Federal Rule of Civil Procedure 4(i)(4)(B) permits a party reasonable time to cure defects in service, its provisions are not applicable here. Service was required under Rule 4(i)(3). Service was properly made on the United States, but not the Defendant. Consequently, Rule 4(i)(4)(B) is inapplicable. Furthermore, Plaintiff has been on notice about the defects in service since August 20, 2010 - well over a year before the issuance of this order. Plaintiff has made no attempt whatsoever to cure the defective service and is not entitled to additional time to cure service.

AO 72A
(Rev. 8/82)

exhibits provided by the Plaintiff in conjunction with his self-styled Motion to Dismiss Defendant's Motion to Dismiss. See Dkt. Nos. 1, 10, and 68. The Complaint incorporated a letter ("Complaint Letter") that Plaintiff sent to the EEOC on March 22, 2010. Dkt. No. 1. The exhibits confirmed that the Complaint Letter was sent to the EEOC by certified mail and received by the EEOC. Dkt. No. 10, Exs. 1 and 9. The Court relied primarily on the contents of the Complaint Letter in determining whether the Plaintiff had actually notified the EEOC of his intent to sue. The Court held that the Complaint Letter was a far cry from an announcement of Plaintiff's intent to initiate a lawsuit. Dkt. No. 68, at 8-11. Rather, the letter summarized Plaintiff's version of the facts and stated that Plaintiff felt Defendant's conduct "appear[ed]" to violate the ADEA. Dkt. No. 1. As such, the Court dismissed Plaintiff's ADEA claims because the Plaintiff never actually notified the EEOC of his intent to sue the Defendant. Dkt. No. 68.

In the instant motion, Plaintiff contends that the Complaint Letter was sent in conjunction with another letter ("Second Letter") that more clearly indicated his intent to sue. Dkt. No. 70, at 2-3. Admittedly, the Second Letter does state a clear intent to sue.[8] However, Plaintiff did not present the

---

[8] The subject line of the Second Letter is "30 day notice of intent to file ADEA complaint in U.S. District Court." Dkt. No. 70, at 3.

Second Letter to the Court when it was resolving Defendant's challenge to Plaintiff's EEOC notice.[9]

Regardless of whether the Second Letter would have influenced the Court's assessment of Plaintiff's EEOC notice, Plaintiff cannot now rely on the Second Letter in requesting reconsideration of the Court's Order. Plaintiff's argument, that the Second Letter provided adequate notice to the EEOC on March 22, 2010, naturally requires that he was in possession of that letter from that date onward. Because the Plaintiff was in possession of the Second Letter throughout the course of this lawsuit, the Second Letter cannot be considered "newly-discovered evidence," and thus cannot support a Rule 59(e) motion to amend. Rather, the Second Letter is evidence "that could have been presented prior to the entry of judgment" and thus does not justify granting Plaintiff's Motion to Amend Judgment. Arthur, 500 F.3d at 1343. Likewise, the Court affirms its previous determination that the Complaint Letter did not adequately notify the EEOC of Plaintiff's intent to sue, and that holding was not a "manifest error of law or fact." See id. ("The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." (quoting

---

[9] Plaintiff did attach the Second Letter as an exhibit to a motion dealing with a wholly unrelated issue. See Dkt. No. 34, Ex. 2 ("Plaintiff's Motion to Strike Defendant's Argument About Service of Process"). However, the Court is not obligated to dig through the entire record, including copious exhibits, to ferret out substantiation of one party's arguments.

14

In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). Because no new evidence has been presented, and the Court made no manifest error, Plaintiff's motion for reconsideration regarding his failure to adequately notify the EEOC is denied.[10]

**C. Failure to State a Claim**

In its previous Order, this Court granted Defendant's motion to dismiss, holding that Plaintiff's claims against the Defendant in his official capacity failed because the Plaintiff's Complaint failed to state a claim under the ADEA. The Court explained that for a Plaintiff to adequately state a claim for relief under the ADEA, the Plaintiff must establish the prima facie case of discrimination. Dkt. No. 68, at 11. In order to do so, the Plaintiff must show, among other things, "that 'similarly situated younger employees were treated more favorably.'" See Dkt. No. 68, at 12 (quoting Diaz v. AIG Mktg., Inc., 2010 WL 3667019, at *2 (11th Cir. Sept. 22, 2010)). The Court held that Plaintiff completely failed to allege that younger employees were treated more favorably.

Plaintiff now challenges the Court's holding that his Complaint failed to state a claim, arguing that evidence of more favorable treatment of younger employees is not required to establish a prima facie case of age discrimination. Plaintiff

---

[10] The Court notes that Plaintiff's contention that he sent two letters to the EEOC on the exact same day, one stating an intent to sue and the other failing utterly to do so, is suspect, to say the least.

cites one case from the Seventh Circuit Court of Appeals for his proposition. See Dkt. No. 70, at 14 (citing Robin v. Espo Eng'g Corp., 200 F.3d 1081 (7th Cir. 2000)). However, the Court is aware of no case law in the Eleventh Circuit that supports Plaintiff's position. Moreover, even if Plaintiff could establish a prima facie case of age discrimination by showing "other such evidence that indicates that it is more likely than not that his age was the reason for the adverse employment action," as he claims, the Plaintiff would still fail to state a claim. Plaintiff has provided no evidence that a younger employee was treated more favorably, or that his age played any role in the disputed employment action. As such, Plaintiff's claim would still be dismissed, even under the Seventh Circuit standard on which the Plaintiff now relies.

### D. Additional Contentions

Plaintiff argues that Defendant's counsel, AUSA Kennebrew committed fraud on the court by representing Defendant without authority. Dkt. No. 70, at 12. Plaintiff's position is utterly without merit. As discussed previously, Defendant was acting in the course of his duties as Secretary of HUD when he failed to grant Plaintiff's reassignment request. Therefore, there was nothing fraudulent about the actions of defense counsel. Alleging fraud on the court against an AUSA is a serious charge

16

and should not dropped in a motion as a one-off argument. Plaintiff has no justification for making such a claim.

Plaintiff further contends that "the dispositive action in this case may have been made by a Magistrate Judge." Dkt. No. 70, at 15. Plaintiff provides no factual basis for his position, nor could he. The dispositive order in this case was issued by the undersigned, a district court judge. See Dkt. No. 68. Plaintiff's challenge on this ground is completely lacking in merit.

## II. Motion for Sanctions and Motion to Disqualify

Plaintiff has filed a "Motion to Sanction the Department of Justice and Delora Kennebrew for Violation of Rule 11" and a "Motion to Disqualify AUSA Melissa S. Mundell as Counsel for Shaun Donovan in his Capacity as an Individual." Dkt. Nos. 77 and 79. Plaintiff's arguments in these motions are based on the mistaken belief that Defendant is not entitled to legal representation by the DOJ. Specifically, Plaintiff relies on an unheard of interpretation of 28 C.F.R. § 50.15,[11] and provides no support whatsoever for his position.

---

[11] Section 50.15 is titled: Representation of Federal officials and employees by Department of Justice attorneys or by private counsel furnished by the Department in civil, criminal, and congressional proceedings in which Federal employees are sued, subpoenaed, or charged in their individual capacities.

Simply put, Plaintiff sued Defendant in his official and individual capacity for conduct associated with a HUD employment decision. Defendant is entitled to DOJ legal representation in this context. Plaintiff has pursued this path before, and the Court has firmly rejected this theory. Dkt. Nos. 19 and 41. Again, the Court rejects this unsubstantiated theory. Accordingly, Plaintiff's motions challenging the propriety of Defendant's representation by the DOJ are denied.

**CONCLUSION**

For the reasons stated above, Plaintiff's motions are **DENIED**, and the case remains closed.

**SO ORDERED**, this 19th day of December, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

18